**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| PAMELA THERESE MILLER, | ) | |
| | ) | Bk. No. 19-60113 |
| Debtor. | ) | |

## OPINION

The question presented to the Court is whether the debtor must amend her confirmed Chapter 13 plan to increase her monthly plan payments after lowering her monthly mortgage payment through a post-confirmation mortgage modification.

## FACTS

The Debtor, Pamela Therese Miller, filed her petition for relief under Chapter 13 on March 27, 2019. On Schedule I, the Debtor listed her occupation as "Retired" and set forth total monthly income of $3,636.16, consisting of $1,913.00 in Social Security benefits, $404.12 in pension/retirement income, and $1,319.04 in VA Benefits. On Schedule J, the Debtor set forth her budgeted expenses of $3,448.77, leaving monthly net income of $187.39. The Debtor's monthly expenses included her mortgage payment of $1,508.29 to secured lender, Veterans United Home Loans. The Debtor's Schedules B and D show that the mortgaged property is the Debtor's residence which she owned jointly with her late husband until his death in 2015.

In her original Chapter 13 Plan, the Debtor proposed to pay her mortgage payment directly to the lender, or "outside the plan". Her monthly plan payments to the Trustee were set at $260.00 for 36 months, with a total of $1,330.00 to be paid to non-priority unsecured creditors. On September 18, 2019, the Debtor amended her plan to extend the duration of the plan to 40 months. On February 10, 2020, after a hearing on the Trustee's Objection to the Debtor's First Amended

1

Plan, the First Amended Plan was confirmed.

On April 28, 2020, the Debtor filed a Motion for Leave to Allow Loan Modification seeking authority to refinance her mortgage loan to decrease the interest rate from 5.625% to 3.125% on a principal balance of $169,991.00. According to the Motion, the monthly payment for principal and interest would be reduced to $728.20. The Court granted the Debtor's Motion on May 20, 2020. At that time, the Debtor was in month 14 of her 40-month plan.

On June 9, 2020, the Trustee filed his Motion to Compel seeking an order compelling the Debtor to file an amended plan to increase her monthly plan payments from the current $260.00 to $1,040.09 to account for the reduction in her monthly mortgage payment. The Trustee contended that the mortgage modification had reduced the Debtor's monthly mortgage payment from $1,508.29 to $728.20, a difference of $780.09, and that those additional funds increased her disposable income and should be paid into her plan.

At hearing on the Trustee's Motion, Debtor's counsel focused on the nature of the Debtor's income. He argued that because the Debtor's income consists primarily of Social Security benefits and VA Survivor benefits, sources excluded from "current monthly income" under 11 U.S.C. §101(10A)(B), the Debtor cannot be compelled to commit the mortgage payment reduction as "disposable income" under 11 U.S.C. 1325(b). The Trustee countered that because the Debtor had voluntarily committed both her Social Security and VA benefits to her plan to make it feasible, she cannot now apply the exclusion provided by 11 U.S.C. §101(10A)(B) to shield the increased availability of funds from distribution to her creditors. The Court gave the parties leave to brief the issues.

Before addressing the legal issues presented, the Court must first address the parties' miscalculation of the Debtor's new monthly mortgage payment. The record in this case reflects

that on October 3, 2019, the mortgage lender, Mortgage Research Center, LLC d/b/a Veterans United Home Loans, filed a Notice of Mortgage Payment Change. The Notice set forth the Debtor's present monthly mortgage payment of $1,508.29, consisting of $980.92 in principal and interest, and $527.37 in escrow deposit. The Notice advised that as of November 1, 2019 the monthly mortgage payment would increase to $1,637.40 due to an increase in the escrow payment from $527.37 to $656.48. The monthly amount for principal and interest, $980.92 remained the same.

The Debtor's Motion for Leave to Allow Mortgage Modification filed April 28, 2020 stated that the principal and interest portion of the monthly mortgage payment would be reduced to $728.20 by the refinancing. The Debtor's Motion did not provide a calculation for the Debtor's new total monthly mortgage payment. However, coupled with the increased escrow payment of $656.48 as detailed on the mortgage lender's October 3, 2019 Notice of Mortgage Payment Change, the Debtor's total monthly mortgage payment was reduced from $1,637.40 ($980.92 + $656.48) to $1,384.68 ($728.20 + $656.48).

In pursuing a plan modification, the Trustee overlooked the escrow portion of the Debtor's mortgage. The Trustee deducted the Debtor's new principal and interest payment, $728.20, from the Debtor's original mortgage payment, $1,508.29, and erroneously concluded that the Debtor now has an additional $780.09 to contribute to her Chapter 13 plan. In fact, the additional amount made available by the mortgage modification was only $252.72, because the refinancing reduced the Debtor's current mortgage payment from $1,637.40 to $1,384.68.

**DISCUSSION**

Section 1329 of the Bankruptcy Code governs the post-confirmation amendment of a Chapter 13 plan. 11 U.S.C. §1329. That provision provides in part as follows:

> (a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to--
>
>> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan; . . .
>
> (b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section…
> 11 U.S.C. §1329.

The Seventh Circuit Court of Appeals set forth the standard to be applied to a Trustee's request for modification of a confirmed plan in *Germeraad v. Powers*, 826 F.3d 962, 975 (7th Cir. 2016). In that case, the debtors had a significant increase in their income post-confirmation which led the trustee to file a motion to modify the debtors' plan to increase the monthly payments. *Germeraad* at 964. The bankruptcy court denied the trustee's motion, concluding that the §1325(b) disposable income test did not apply to modifications under §1329 and therefore the court had no authority to recalculate the debtors' disposable income post-confirmation. *Germeraad* at 972, citing *In re Powers*, 507 B.R. 262 (Bankr. C.D. Ill. 2014). The bankruptcy court's decision was affirmed by the district court on appeal. *Germeraad* at 973, citing *In re Powers,* 550 B.R. 414 (C.D. Ill. 2015). In vacating the district court's decision, the Seventh Circuit explained that although "no provision of the Code expressly permits modification when a change in the debtor's financial circumstances makes an increase in payments affordable, it does not follow that modification for this reason is forbidden." *Germeraad* at 974. The Court emphasized "Chapter 13's policy of requiring debtors to repay creditors to the extent they are able", and followed "[t]hus we hold that a bankruptcy court may allow modification to increase the debtor's payments if, in

4

its discretion, it concludes that a change in the debtor's financial circumstances makes an increase in payments affordable." *Id.*

In the case before this Court, the Debtor's focus on the calculation of disposable income under §1325(b)(1)(B) is therefore misplaced. The Debtor argues that because her income is primarily exempt from the calculation of disposable income, she cannot be compelled to increase her plan payments after a reduction in her expenses. However, the *Germeraad* standard requires the Court to look beyond the technical requirements of §1325(b), and to consider whether the change in the Debtor's financial circumstances makes an increase in her plan payments affordable.

A review of the Debtor's financial circumstances leads the Court to conclude that the Debtor cannot afford an increase in plan payments. The Debtor is a widowed retiree with income totaling $3,636.16 according to her Schedule I. Schedule J lists a total of $1,940.48 in expenses, not including the mortgage payment, which is now $1,384.68. Therefore, according to the Debtor's schedules, the Debtor now has monthly net income of $311.00 with which to make her current plan payment of $260.00. This scant monthly surplus of $51.00 is well within the $100.00 cushion typically allowed by this Court. *See In re Bell*, 264 B.R. 512, 514 n. 3 (Bankr. S.D. Ill. 2001).

Moreover, a closer look at the Debtor's Schedule J reveals that the Debtor likely has even less available net income than her schedules indicate. For example, the Debtor lists $0.00 as her estimated expense for "Home maintenance, repair, and upkeep" on Line 4c of Schedule J, notwithstanding the fact that she is the sole owner of her residence and therefore responsible for all maintenance and repairs. Furthermore, the Debtor has budgeted only $200.00 monthly for "Food and housekeeping supplies" on Line 7, although the IRS National Standard used for means testing estimated $369.00 for those budget items at the time of the Debtor's bankruptcy filing.[1]

---

[1] The United States Trustee Program provides the Census Bureau and Internal Revenue Service data required for completing Bankruptcy Forms 122A and 122C used for Means Test Calculations. *See Census Bureau, IRS Data and*

      Prior to refinancing her mortgage, the Debtor had net income of only $187.39, yet she proposed a plan payment of $260.00 to assure some payment to unsecured creditors. The fact that the Debtor sought a mortgage modification to reduce her mortgage payment provides some evidence that she could not maintain her overly optimistic budget. Even with the frugal budget proposed by the Debtor, she now has only $51.00 remaining each month after making her plan payment. Based upon these figures, the Court cannot conclude that the Debtor's mortgage modification made an increase in the Debtor's plan payments affordable.

      Accordingly, the Trustee's Motion to Compel is DENIED.

      SEE SEPARATE ORDER ENTERED THIS DATE.

ENTERED: September 15, 2020

                                    /s/ William V. Altenberger
                                UNITED STATES BANKRUPTCY JUDGE

---

*Administrative Expense Multipliers*, http://www.justice.gov/ust/eo/bapcpa/20181101/bci_data/national_expense_standards.